IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Marykutty C. Philip,<br><br>   Plaintiff,<br>   v.<br><br>Jo Anne B. Barnhart, Commissioner,<br>Social Security Administration<br><br>   Defendant. | NO. C 04-03375 JW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

## I.  INTRODUCTION

Plaintiff Marykutty C. Philip ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to obtain review of the Secretary's decision regarding her claim for Social Security disability benefits. The issue is whether Plaintiff is under a "disability," and therefore entitled to a period of disability and Disability Insurance Benefits under Sections 216(i) and 223 of the Social Security Act. Plaintiff filed a motion for summary judgment on February 23, 2005. Defendant filed a cross-motion for summary judgment on March 25, 2005. Based upon all the pleadings filed to date, the Court GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's cross-motion for summary judgment.

## II.  BACKGROUND

The Plaintiff is a 56-year-old individual (50 at the time her alleged disability commenced) with a high school diploma, three and one-half years of college and a thirteen-week training course in introductory computer use. (Tr. at 14.) She was employed as a registered nurse for a state mental

hospital from 1978 to 1999. Her duties included frequently lifting fifty pounds or more in the care of patients. Over the years, Plaintiff received injuries to her back from the lifting and carrying; also, her right shoulder was hurt when a patient threw objects at her. On September 24, 1998, Plaintiff reported an injury to her upper right extremity when a patient "pulled strongly" on her right hand and arm. (Tr. at 15.) Plaintiff had "manipulation under general anesthesia" in December 1999, and on May 10, 2000 had arthroscopic surgery on her right shoulder. Post-surgery medical reports noted that Plaintiff had chronic pain in the shoulder, limited rotation capability, and a limited ability to lift items of greater than ten to fifteen pounds without further aggravation of the injury. (Tr. at 280-281.) Plaintiff attempted to return to work in March 2002, but only remained for two months because of pain in her lower back, right shoulder, and right hand. Plaintiff noted that she was unable to do many of the household chores and depends on her husband for help. Plaintiff states that she became depressed about her medical condition and her inability to engage in previous work.

Numerous doctors reported on Plaintiff's condition. Plaintiff visited with Gerald P. Keane, M.D., about a half dozen times from April 2001 to May 2002. On May 15, 2002, Dr. Keane recommended "further restricting or lifting to 15 pounds." (Tr. at 472.) Previous doctors had recommended lifting restrictions from five to ten pounds. Michael C. Post, M.D., performed a qualified medical evaluation in response to Plaintiff's filing of a worker's compensation claim. Dr. Post found that Plaintiff's residual functional capacity (RFC) was for "prophylactic limitations" of no repetitive reaching at or above shoulder level; no heavy pushing, pulling, and lifting; and no repetitive neck movements. (Tr. at 16.) Dr. Post's report cited no specific limit on carrying and lifting. Later, in June 2002, Dr. Keane again estimated Plaintiff's lifting capacity at fifteen pounds.

Plaintiff filed an application for Disability Insurance Benefits on March 28, 2001 and was denied. After a timely request for hearing, an Administrative Law Judge (ALJ) issued Plaintiff an unfavorable decision on February 14, 2003. Plaintiff appealed, and the Appeals Council reversed and remanded for a new hearing to address earnings of $17,558.16 in 2002, reconsider Plaintiff's RFC, and obtain the testimony of a vocational expert regarding Plaintiff's capability to transfer her work

2

skills. (Tr. at 13) On February 26, 2004, after a hearing in which Plaintiff and a vocational expert testified, an ALJ found Plaintiff not disabled. Plaintiff appealed, but the Appeals Council affirmed the ALJ's decision. (Tr. at 6.) Plaintiff's summary judgment motion now requests this Court to reverse the ALJ's decision that she is not disabled, and award her benefits. Defendant urges the Court, in her cross-motion for summary judgment, to affirm the ALJ's decision denying benefits.

## III.  STANDARDS

To be eligible for Social Security disability benefits, the claimant must be "disabled" according to the regulations set forth by the Social Security Administration. Disability is defined as the "inability to engage in any substantial gainful activity by reason of medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, a person is disabled only if the impairment is so severe as to preclude not only performance of previous work, but also, considering age, education and work experience, performance of "any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Court reviews de novo the Administrative Law Judge's determinations of law. See McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000). A denial of benefits will be upheld if the findings of fact are supported by substantial evidence and if the Secretary applied the proper legal standards. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 980. The Court must "review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its judgment for that of the Secretary. Id. at 721.

3

## IV.  DISCUSSION

The determination of disability is a five-step evaluation pursuant to 20 C.F.R. § 404.1520. First, if the claimant is performing "substantial gainful work," she is not disabled.  Second, the impairment must be "severe," or else the claimant is not disabled.  Third, the impairment must meet a duration requirement (expected to last at least twelve months) and must be listed or equal to an impairment listed in Appendix 1, Subpart P, Regulation No. 4 of 20 C.F.R. § 404.  Fourth, the impairment must prevent the claimant from doing "past relevant work," or she is not disabled.  Fifth and final, even if the impairment prevents the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity (RFC), the claimant is not disabled.  See 20 C.F.R. §§ 404.1520(b)-(f).  Important for steps four and five is the determination of the claimaint's RFC (residual functional capacity), which is defined as the most an individual can still do after considering the effects of limitations on ability to perform work-related tasks.  20 C.F.R. § 404.1545.  The Court finds that Plaintiff is disabled according to the five-step evaluation, and awards disability benefits to Plaintiff.

The ALJ found that Plaintiff was not performing "substantial gainful work" and had a "severe" impairment, satisfying the first two steps of the disability evaluation.  (Tr. at 16.)  For step three, however, Plaintiff's impairment was not severe enough to meet or medically equal to one of the impairments listed in Appendix 1, Subpart P of § 404.  At this point, the ALJ accepted the opinion of the consultative examiner, Dr. Post, in finding Plaintiff's RFC to be for "prophylactic limitations of no repetitive reaching at or above shoulder level; no heavy pushing, pulling and lifting with right upper extremity; and no repetitive neck movements." The ALJ noted that Plaintiff's statements on her functional limitations were "not fully supported by the medical treatment record" and that "her credibility is lowered somewhat by her lack of current ongoing medical treatment."  (Tr. at 17.)

At step four, the ALJ determined that Plaintiff lacked the RFC to perform her past relevant work.  (Tr. at 18.)  However, at step five, the ALJ found that Plaintiff's RFC allowed her to perform a "significant range of light work" and that Plaintiff had transferable skills to perform a significant

number of jobs in the national economy, including "office nurse." (Tr. at 19.) A vocational expert testified that if Plaintiff was in the "light work" range, then some 36,000 positions in the San Francisco Bay Area would hypothetically be available to her. The ALJ concluded that Plaintiff was not disabled because her RFC allowed her to perform a "significant range of light work" for work that exists in significant numbers in the national economy. (Tr. at 19.)

The Court is in substantial agreement with the first three steps of the ALJ's evaluation. There is clear and substantial evidence in the record for the ALJ's determination that Plaintiff is severely impaired. However, the Court parts ways with the ALJ when it comes to the determination of Plaintiff's RFC. The record does not provide "substantial evidence" for the ALJ's determination that Plaintiff can perform a "significant range of light work." See Reddick, 157 F.3d at 722.

"The opinions of treating doctors should be given more weight than the opinions of doctors who do not treat the claimant." Id. at 725. Even if there is some contradiction to the treating doctor's opinion, the ALJ may not reject the treating doctor's opinion without "specific and legitimate reasons" supported by substantial evidence in the record. Id. In Plaintiff's case, the ALJ relied on the consultative examiner, Dr. Post, in determining her RFC. Yet, the ALJ provided no reason, let alone any specific or legitimate reason, for rejecting the opinion of Plaintiff's treating doctor, Dr. Keane. Moreover, the opinions of Dr. Post and Dr. Keane are largely in conformity with each other and with the rest of the evidence in the record. Both were concerned that Plaintiff could not return to previous work as a nurse without further aggravation to her upper right extremity, and both found that her capacity to work was limited by her impairments.

Dr. Keane and Dr. Post disagreed on the degree of Plaintiff's impairment: Dr. Keane noted, at least twice, that Plaintiff's maximum lifting capacity was fifteen pounds, while Dr. Post believed Plaintiff only required "prophylactic limitations." Accepting Dr. Post's opinion, the ALJ found that Plaintiff has the RFC to perform a "significant range of light work." The "light work" category involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. § 404.1567(b). Five pounds makes a difference. Accepting Dr.

Keane's opinion of a maximum lifting capacity of fifteen pounds, Plaintiff would likely be in the "sedentary work" category which involves lifting no more than ten pounds. 20 C.F.R. § 404.1567(a).

The Court finds that the ALJ should have given more weight to the opinion of the treating doctor, Dr. Keane. See Reddick, 157 F.3d at 725. Dr. Post's opinion should not be ignored, but is only one factor in determining whether Plaintiff has a disability. The rest of the record substantially supports Dr. Keane's opinion, as two other doctors noted that Plaintiff's lifting capacity may even be limited to ten or five pounds maximum. (Tr. at 230, 360.) Dr. Keane, in addition, noted that Plaintiff could still perform "sedentary work." The ALJ cited no reason to question Dr. Keane's credibility. The ALJ also improperly discounted Plaintiff's credibility. Plaintiff's "lack of current ongoing medical treatment" is an insufficient reason to question her credibility, in light of her objective medical record and explanatory testimony that treatment provides only temporary relief. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (explanation for failure to seek treatment is factor in credibility evaluation).

Granting more weight to Dr. Keane's opinion and taking the record as a whole, the Court finds that Plaintiff's RFC allows her to perform "sedentary work," rather than a significant range of light work. Plaintiff may still not be disabled if, in step five of the evaluation, it is determined that Plaintiff has transferable skills and a RFC that will allow her to perform other work that exists in significant numbers in the national economy. However, the vocational expert at Plaintiff's hearing testified that "there would not be" any jobs at the sedentary level. (Tr. at 97.) Thus, the Court finds Plaintiff disabled pursuant to the five-step evaluation in 20 C.F.R. § 404.1520.

When denial of disability benefits is not supported by substantial evidence, the decision to remand for additional evidence or simply award benefits is within the discretion of the court. Reddick, 157 F.3d at 728. Where the record is fully developed and when further administrative proceedings would serve no useful purpose, the court may direct an award of benefits. Id.; see also Smolen, 80 F.3d at 1292. In Plaintiff's case, the Court finds that further administrative proceedings would serve no useful purpose. Plaintiff's medical record is fully developed and a vocational expert

has testified as to the work available to Plaintiff at the sedentary level. The Court, thus, directs an award of benefits for the Plaintiff.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's cross-motion for summary judgment. The Court directs an award of benefits to Plaintiff without further administrative proceedings.

Dated: July 18, 2005

/s/ James Ware
JAMES WARE
United States District Judge

04cv3375sj

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**
Harvey Peter Sackett hps@hpspc.com
Sara  Winslow sara.winslow2@usdoj.gov

**Dated: July 19, 2005**                                              **Richard W. Wieking, Clerk**

                                                                                    **By:/jwchambers/**
                                                                                          **Ronald L. Davis**
                                                                                          **Courtroom Deputy**